UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SHERMAN WILLIAM PAYNE JR.,

    Movant,

                                      Case No. 1:16-CV-383
v.                                             (Criminal Case No. 1:11:CR:239)

UNITED STATES OF AMERICA,              HON. GORDON J. QUIST

    Respondent.
_____/

## MEMORANDUM OPINION

On June 21, 2012, based on Movant's guilty plea to Count One of the Indictment, this Court sentenced Movant to 80 months incarceration, to be served consecutively with Movant's sentences in 14th Circuit Court, Muskegon, Michigan, Dkt. # 98-41980 FC and in federal case 1:06-CR-143-01.  (Case no. 1:11-CR-239, ECF No. 29.)  Movant did not appeal his sentence.  On January 10, 2016, Movant filed a motion to reduce sentence and appoint counsel, in which Movant asserted that he was entitled to relief under *United States v. Johnson*, __ U.S. __, 135 S. Ct. 2551 (2015). (*Id.*, ECF No. 33.)  On March 8, 2016, the Court entered an Order Denying Motion to Reduce Sentence and Appoint Counsel.  (*Id.*, ECF No. 34.)  In the March 8, 2016 Order, the Court stated that Movant should have brought his motion as a motion under 28 U.S.C. § 2255, but then explained that even if Movant had filed his motion under § 2255, such motion would have been futile because *Johnson* does not extend to the residual clause of U.S.S.G. § 4B1.2(a).  (*Id.* at PageID.130–32.)

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, a court must promptly examine a § 2255 motion upon filing to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If so, the court must dismiss the motion and direct the clerk to notify the movant. *Id.* Having conducted the review required by Rule 4(b), the Court determines that Movant is not entitled to relief for the reasons explained in the March 8, 2016 Order:

> While the Sixth Circuit has held that the Supreme Court's decision in *Johnson* announced a new rule of constitutional law that was previously unavailable to a prisoner and is therefore retroactive on collateral review, *In re Watkins*, 810 F.3d 375, 382–83 (6th Cir. 2015), Defendant cannot benefit from *Johnson*. Defendant was not sentenced pursuant to the residual clause of the ACCA. Instead, his non-binding Guidelines range was enhanced pursuant to the residual clause under U.S.S.G. § 4B1.2(a), which *Johnson* did not invalidate. Although the residual clause of U.S.S.G. § 4B1.2(a) uses the same language as the residual clause under the ACCA, "provisions of the Sentencing Guidelines are not subject to the same due process challenge as the ACCA." *United States v. Stevens*, No. 6:15-226-DCR, 2015 WL 9306593, at *2 (E.D. Ky. Dec. 21, 2015) (citing *United States v. Matchett*, 802 F.3d 1185, 1193–95 (11th Cir. 2015)); *see also United States v. Cotton*, No. 7:15-CR-21-FL, 2015 WL 4757560, at *2 (E.D.N.C. Aug. 12, 2015) (concluding that *Johnson* does not apply to the residual clause of the career offender enhancement because "there is no constitutional right to receive actual notice of the sentence to be imposed under the advisory Sentencing Guidelines").
>
> Although the Sixth Circuit has not yet specifically addressed whether the rationale in *Johnson* also applies to the residual clause of the career offender enhancement, it has previously held that "the Sentencing Guidelines are not subject to a vagueness challenge." *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996). The Court recognizes that, post *Johnson*, in unpublished orders, the Sixth Circuit has remanded cases on direct appeal involving sentences under the residual clause of the career offender enhancement for reconsideration in light of *Johnson*. *See United States v. Darden*, 605 F. App'x 545 (6th Cir. 2015). However, such orders do not even mention the Sixth Circuit's prior precedents holding that the Sentencing Guidelines are not subject to a vagueness challenge. *See Stevens*, 2015 WL 9306593, at *2 n. 4 (noting that the Sixth Circuit in *Darden* "did not hold that the residual clause of the Sentencing Guidelines is unconstitutional").

(*Id.* at PageID.131–32 (footnote omitted).)[1] Accordingly, Movant is not entitled to relief under *Johnson*.

---

[1] The Court notes that some district courts within the Sixth Circuit have denied relief on § 2255 motions asserting *Johnson* as a basis for relief from the residual clause in U.S.S.G. § 4B1.2(a), because, as applied to the residual clause under the Sentencing Guidelines, *Johnson* did not establish a new substantive rule that would trigger the one year limitations period under § 2255(f)(3). *See Lynn v. United States*, Nos. 3:15-CV-571-TWP, 3:09-CR-77-TWP-CCS-1, 2016 WL 1258487, at *3–4 (E.D. Tenn. Mar. 30, 2016). Movant's motion in the instant case would be barred as untimely under the *Lynn* court's analysis of *Johnson*.

Having concluded that Movant is not entitled to relief, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Although the Court concludes that Movant is not entitled to relief, the Court concludes that a certificate of appealability should issue because the Sixth Circuit has not directly addressed whether *Johnson* applies to U.S.S.G. § 4B1.2(a), at least for purposes of collateral review. Therefore, the Court will grant Movant a certificate of appealability.

For the foregoing reasons, the Court will dismiss Movant's § 2255 Motion and grant Movant a certificate of appealability.

A separate order will enter.


Dated: April 21, 2016                         /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE